An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF RANDOLPH H. GOLDBERG, ESQ., BAR NO. 5970.

No. 62947

**FILED**

APR 25 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF TEMPORARY SUSPENSION
## AND REFERRAL TO DISCIPLINARY BOARD

This is a joint petition pursuant to SCR 111(4) by bar counsel and attorney Randolph H. Goldberg based on Goldberg's conviction, pursuant to a guilty plea, of one count of attempting to evade or defeat federal income taxes, a felony. *See* 26 U.S.C. § 7201. Goldberg timely informed bar counsel of his conviction. *See* SCR 111(2).

When an attorney has been convicted of a serious crime, SCR 111 provides that this court shall enter an order suspending that attorney. SCR 111(7). A felony is explicitly a "serious crime" under SCR 111, and a guilty plea constitutes a "conviction." SCR 111(1), (6). Goldberg pleaded guilty to a felony and has therefore been convicted of a serious crime for purposes of SCR 111.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-12209

Accordingly, we temporarily suspend Goldberg from the practice of law and refer this matter to the Southern Nevada Disciplinary Board for the initiation of formal disciplinary proceedings in which the sole issue to be determined is the extent of discipline to be imposed. *See* SCR 111(7), (8).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   David A. Clark, Bar Counsel
       Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Michael J. Warhola, LLC
       Perry Thompson, Admissions Office, United States Supreme Court